■ In the Matter of JEREMIAH MAZEAU, Petitioner, v LEONARD L. HORN, as Hearing Officer Designated by the Town Board of the Town of Huntington, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Town Board of Huntington, dated December 19, 1978, which, after a hearing, found the petitioner guilty of certain misconduct and dismissed him from his position. Determination confirmed, without costs or disbursements, and proceeding dismissed on the merits. There was substantial evidence to support the determination, and the punishment, under the circumstances, was not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.*, 34 NY2d 222). Petitioner suffered no prejudice as a result of the hearing officer's refusal to issue a subpoena since his attorney had the right to issue subpoenas to compel witnesses to attend and testify in this administrative proceeding (see CPLR 2302, subd [a]; State Administrative Procedure Act, § 304, subd 2). Petitioner's contention that a hearing officer, other than the one who found him guilty of impropriety on a

recent prior occasion, should have conducted the proceedings is without merit. Moreover, he was offered a reasonable opportunity for a short adjournment for the purpose of obtaining a substitute hearing officer and he declined. We find that the petitioner was afforded a fair hearing. Damiani, J. P., Gibbons and Gulotta, JJ., concur.

Cohalan, J., concurs in the result with the following memorandum: Under any circumstances, in my view, the hearing officer should have disqualified himself in the instant matter. Scarcely four months before, he had sat in judgment upon the petitioner in a less serious disciplinary situation, and his report had sustained the charges then preferred. To me, it indicated a built-in prejudice, even though I concede there was substantial evidence to support the determination of guilt and the punishment meted out.